IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| YORK COUNTY, SOUTH CAROLINA, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## **COMPLAINT**

Plaintiff, United States of America, respectfully alleges:

1. This action is brought by the United States against the County of York, South Carolina (hereinafter "Defendant"), to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117, as amended, which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

2. Defendant discriminated against the complainant by failing to reasonably accommodate his disability when he sought to apply for a Purchasing Manager position. Defendant's requirement that a Purchasing Manager possess a driver's license unfairly screened out the complainant, who because of his disability does not possess a driver's license, and tends to screen out a class of individuals with disabilities, in violation of the ADA.

3. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

4. Venue is proper under 28 U.S.C. § 1391 because Defendant is located in this judicial district and the events or omissions giving rise to this action occurred in this judicial district.

5. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

## Facts

6. In 2016, the complainant sought to apply for a Purchasing Manager position with the Defendant.

7. Defendant's job posting for the Purchasing Manager position stated that all applicants must apply through an online application process and that a driver's license is a mandatory requirement for the position.

8. The complainant has dwarfism, which prevents him from having a driver's license. Based on his educational background and work experience, the complainant meets every other requirement for the Purchasing Manager position.

9. On August 9, 2016, the complainant emailed Defendant to inquire about the driver's license requirement. The complainant informed Defendant that he has dwarfism and does not have a driver's license as a result. He asked whether the driver's license requirement was mandatory and, if so, whether it could be waived so that he could submit an application for the Purchasing Manager position.

10. On August 10, 2016, Defendant responded to the complainant by email that the driver's license requirement for the Purchasing Manager position was mandatory and could not be waived.

11. On the same day, the complainant asked Defendant by email whether, if he were to apply through the online application process, his application would automatically be rejected because he would have to answer "no" to the question of whether he has a valid driver's license. Defendant responded by email that the software system would screen out any application that does not meet

its minimum qualifications, including possession of a driver's license, and such an application would not receive further consideration by Defendant.

12. Understanding that his application would be screened out from consideration because he lacks a driver's license, the complainant did not apply for the position.

13. Possessing a driver's license is not essential to performing the job functions of a Purchasing Manager. To the extent that participating in offsite meetings is essential to performing the job functions of a Purchasing Manager, the complainant would have been able to participate in offsite meetings without a driver's license.

14. The complainant suffered emotional distress as a result of Defendant's actions.

15. On September 19, 2016, the complainant filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that Defendant discriminated against him in violation of the ADA.

16. Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. § 12117(a), the EEOC investigated the complainant's charge and found reasonable cause to believe that Defendant discriminated against him in violation of the ADA. After attempting unsuccessfully to conciliate the charge, the EEOC referred the matter to the United States Department of Justice.

17. All conditions precedent to the filing of this action have been performed.

## Cause of Action

### Title I of the Americans with Disabilities Act

18. The allegations of the foregoing paragraphs are incorporated by reference.

19. The complainant is a person with a disability because he has physical impairments that substantially limit one or more major life activities, *e.g.*, walking, including the operation of major bodily functions, *e.g.*, normal cell growth, respiratory function, and musculoskeletal function. 42 U.S.C. § 12102; 29 C.F.R. § 1630.2.

20. The complainant is a qualified individual as to the Purchasing Manager position he desired.

21. Defendant discriminated against complainant, a qualified individual on the basis of disability, in regard to job application procedures and hiring in violation of 42 U.S.C. § 12112(a), by:

    (a) Not making reasonable accommodations to the known physical or mental limitations of complainant, an otherwise qualified individual with a disability who is an applicant. 42 U.S.C. § 12112(b)(5)(A).

        i. Defendant was aware of the complainant's disability.

        ii. The complainant requested that Defendant accommodate his disability by waiving the driver's license requirement so that he could participate in the application process for the Purchasing Manager position.

        iii. The complainant's requested accommodation was reasonable.

        iv. Defendant refused to waive the driver's license requirement, or otherwise accommodate the complainant's disability, so that he could participate in the application process.

    (b) Using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test, or other selection criteria, as used by Defendant, is shown to be job-related for the position in question and is consistent with business necessity. 42 U.S.C. § 12112(b)(6).

        i. Only those qualification standards, employment tests or other selection criteria that relate to essential job functions constitute a business necessity.

    ii. Having a driver's license is not an essential function of Defendant's Purchasing Manager position.

    iii. Defendant's use of the driver's license requirement as a qualification standard or selection criteria screened out the complainant, and tends to screen out a class of individuals with disabilities, from consideration for the Purchasing Manager position.

22. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. §§ 12111−12117, and its implementing regulation, 29 C.F.R. Part 1630.

23. As a result of Defendant's discriminatory conduct, the complainant suffered damages including emotional distress.

## **Prayer for Relief**

WHEREFORE, the United States prays that this Court:

(a) grant judgment in favor of the United States and declare that Defendant has violated Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its accompanying regulation;

(b) enjoin Defendant and its agents, employees, successors and all persons in active concert or participation with it, from engaging in discriminatory employment policies and practices that violate Title I of the ADA;

(c) require Defendant to modify its policies, practices, and procedures as necessary to bring its employment practices into compliance with Title I of the ADA and its implementing regulation;

(d) order Defendant to train its supervisors and human resource staff regarding the

requirements of the ADA;

(e)     award the complainant compensatory damages, including damages for emotional distress, for injuries suffered as a result of Defendant's failure to comply with the requirements of Title I of the ADA pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(f)     order such other appropriate relief as the interests of justice require.

## **Jury Demand**

Plaintiff United States requests a trial by jury as to all counts.

Respectfully submitted,


FOR THE UNITED STATES OF AMERICA


| | |
|---|---|
| SHERRI A. LYDON | ERIC S. DREIBAND |
| United States Attorney | Assistant Attorney General |
| District of South Carolina | Civil Rights Division |

s/Robert Sneed#07437

| | |
|---|---|
| TINA CUNDARI (#09679) | REBECCA B. BOND, Chief |
| ROBERT SNEED (#07437) | KATHLEEN WOLFE, Special Litigation Counsel |
| Assistant United States Attorneys | AMANDA MAISELS, Deputy Chief |
| United States Attorney's Office | NABINA SINHA, Attorney |
| District of South Carolina | United States Department of Justice |
| Wells Fargo Building | Civil Rights Division |
| 1441 Main Street, Suite 500 | Disability Rights Section |
| Columbia, South Carolina 29201 | 950 Pennsylvania Avenue, NW |
| Tel.: (803) 254-2912 | Washington, D.C. 20530 |
| Fax: (803) 254-2912 | Tel: (202) 616-2730 |
| Tina.cundari@usdoj.gov | Email: nabina.sinha@usdoj.gov |
| Robert.Sneed@usdoj.gov | |

June 7, 2019